25CA0847 Jenner v CDOC 07-23-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0847
El Paso County District Court No. 18CV238
Honorable Eric Bentley, Judge

David K. Jenner,

Plaintiff-Appellant,

v.

Colorado Department of Corrections and Canteen Correctional Industries and
Time Computation Departments,

Defendants-Appellees.

ORDER AFFIRMED

Division VII
Opinion by JUDGE PAWAR
Sullivan and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 23, 2026

David K. Jenner, Pro Se

Vaughan & DeMuro, Ann B. Smith, Michaela S. Morrissey, Colorado Springs,
Colorado, for Defendants-Appellees

¶ 1    Plaintiff, David K. Jenner, appeals the district court's denial of his postjudgment motion seeking relief from the attorney fees and costs award entered against him.  We affirm.

## I.    Background

¶ 2    Jenner sued defendants, the Colorado Department of Corrections and Canteen Correctional Industries and Time Computation Departments, in 2018.  In 2019, the district court dismissed the complaint under C.R.C.P. 12(b)(5) and awarded defendants their attorney fees and costs under section 13-17-201, C.R.S. 2019.  Another division of this court affirmed the dismissal and fees and costs award in 2020.  *Jenner v. Colo. Dep't of Corr.*, (Colo. App. No. 19CA0737, June 11, 2020) (not published pursuant to C.A.R. 35(e)).

¶ 3    In 2022, the legislature amended section 13-17-201, creating an exception to the rule that a defendant is entitled to their fees and costs when a tort action is dismissed under C.R.C.P. 12(b).  Ch.

445, sec. 1, § 13-17-201(2), 2022 Colo. Sess. Laws 3131-32.  The

substance of the exception is not relevant here.[1]

¶ 4      In 2025, three years after the amendment took effect, Jenner

moved the district court to vacate the attorney fees and costs

award, arguing that the exception applied to his claims and voided

the award.  The district court denied the motion without

explanation.  Jenner appeals that denial.

## II.    Appeal

¶ 5      Initially, we disagree with defendants that we should dismiss

the appeal as untimely.  Jenner's 2025 motion is properly

construed as a C.R.C.P. 60(b) motion seeking relief from the 2019

fees and costs award.  Although Jenner filed this appeal years after

the 2019 award, he filed it within forty-nine days of the denial of the

2025 motion.  *See* C.A.R. 4(a)(1) (appeal must be filed within forty-

nine days of judgment or order being appealed); *United Bank of*

*Boulder, N.A. v. Buchanan*, 836 P.2d 473, 475 (Colo. App. 1992)

("[A]n order denying a C.R.C.P. 60(b) motion is appealable

---

[1] Generally speaking, the exception applies to good-faith, non-frivolous claims that seek to change or establish the meaning of a law or present constitutional questions.  § 13-17-201(2), C.R.S. 2025.

2

independently of an underlying judgment."). Therefore, his appeal is timely.

¶ 6 Turning to the merits of the appeal, we conclude that the district court properly denied the 2025 motion because it was untimely. Because it was cognizable under only C.R.C.P. 60(b)(3) (seeking relief from a void judgment) or C.R.C.P. 60(b)(5) (seeking relief for any unenumerated reason), it must have been filed "within a reasonable time." C.R.C.P. 60(b). Approximately three years elapsed between the time Jenner's requested relief allegedly became available (the 2022 amendment's effective date) and the filing of his motion. While the reasonable time inquiry is necessarily fact specific, we conclude on this record that a delay of three years was not reasonable. *See Ehrlinger v. Parker*, 327 P.2d 267, 269 (Colo. 1958) (waiting six weeks between judgment and postjudgment motion was unreasonable); *Martinez v. Dixon*, 710 P.2d 498, 500 (Colo. App. 1985) (same for sixteen months).

¶ 7 We therefore conclude that the district court properly denied Jenner's 2025 motion. *See Taylor v. Taylor*, 2016 COA 100, ¶ 31 (appellate court can affirm on any ground supported by the record).

### III.  Disposition

¶ 8      The order is affirmed.

JUDGE SULLIVAN and JUDGE MEIRINK concur.